**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **GEOVANA CRISTAL DOMINGUEZ SALAZAR,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2534-R** |
| **FRED FIGUEROA, Warden, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Geovana Cristal Dominguez Salazar a noncitizen[1] and Mexican national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, and Memorandum in Support, Doc. 2, challenging under 28 U.S.C. § 2241 her detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 5. The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue. For the reasons below, the undersigned recommends the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release her if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. **Background**

Petitioner, a citizen of Mexico, alleges she entered the United States in 1999 at the age of seven years old. Pet. at 12; Doc. 2 at 2. On or about April 7, 2017, she "pursued U nonimmigrant relief" as the documented victim of a crime. Pet. at 13; Doc. 2 at 2. In January 2026, United States Citizenship and Immigration Services denied her application as abandoned after no response was received to a September 2025 Request for Evidence. Pet. at 13-14; Doc. 2 at 2. Petitioner alleges she was granted employment authorization that expired in April 2026. Pet. at 14. On June 1, 2026, Petitioner was arrested in Dallas County, Texas on an allegation identified as Injury Child/Elderly/Disabled with Intentional Bodily Injury. Pet. at 14-15; Doc. 2 at 2. It appears Petitioner was granted bail at $15,000 and the case remains pending. Pet. at 15. At some point later, ICE detained Petitioner. *See generally* Pet., Doc. 2 (challenging her detention by ICE).

Neither party has alleged whether Petitioner is currently in removal proceedings. Nor has either party alleged she has a final order of removal. Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), which applies to noncitizens who do not have a final order of removal. Resp. at 1. Thus, the undersigned concludes Petitioner does not have a final order of removal.

Respondents also acknowledge binding Tenth Circuit precedent holds Petitioner is detained under 8 U.S.C. § 1226(a), which also governs the detention of noncitizens who do not have a final order of removal. Resp. at 1. Petitioner does not allege she requested a bond hearing before an Immigration Judge ("IJ"), but any request would likely be futile because all IJ are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N

Dec. 216 (BIA 2025). *Hurtado* holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed her Petition, she was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. She remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 26, 2026).

## II. Petitioner's Claims

Petitioner asserts nine overlapping counts that challenge her continued civil detention without an individualized determination addressing her individual circumstances or the necessity of her continued detention. Pet. at 12-16. She asks the Court to "grant the writ and order her release from immigration detention under reasonable conditions of supervision," or to order "a prompt and meaningful individualized custody proceeding addressing actual danger, flight risk, family and community ties, humanitarian circumstances, and less restrictive alternatives." *Id*. at 15-16.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the Immigration and Nationality Act ("INA") at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), she is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner challenges her continued detention without a meaningful individualized custody determination, which the Court liberally construes to be a challenge to her detention under § 1226(a). Pet. at 12. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A) but concede *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like

Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Bohorquez Bravo v. Lyons*, No. CIV-26-912-R, 2026 WL 1896141, at *1 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[2]

Further, Petitioner's prior U-visa application does not change the analysis or render her "seeking admission" and thereby subject to § 1225(b)(2)(A). *See Santillan Quiroz*, 180

[2] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B. The proper remedy is a bond hearing.**

Petitioner requests release from immigration detention or a bond hearing. Pet. at 15-16. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Bohorquez Bravo*, 2026 WL 1896141, at *1 (citing *Santillan Quiroz* and concluding "the appropriate remedy is a bond hearing"); *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy."). Further, Judges in this District, including this Court, have consistently declined to order burden shifting. *See, e.g.*, *Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the Court declines to specify or alter the burden of proof at this stage") (citation modified). Therefore, the Court should grant the Petition in part and order Respondents to provide

Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release her if she does not have a lawful bond hearing within that period.[3]

**C. The Court should decline to address any remaining claims.**

To the extent the Petition can be construed to bring additional claims for relief, if the Court grants Petitioner relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of any remaining claims. *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing under § 1226(a)).

## V. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if she has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 2, 2026**. *See*

---

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of her detention entitle her to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

*id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 5, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 26th day of October, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE